ORIGINAL

⬛AO 245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 1 TXND Mod - 09/28/04

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

NOV - 2 2010

CLERK, U.S. DISTRICT COURT
By _____
Deputy

# UNITED STATES DISTRICT COURT

__Northern__ District of __Texas - Dallas Division__

UNITED STATES OF AMERICA
V.
**DAVID ANTHONY EDWARDS**

a/k/a DAVUS

JUDGMENT IN A CRIMINAL CASE

Case Number: **3:09-CR-100-B(02)**

USM Number: **39453-177**

**Mick Mickelsen**
Defendant's Attorney

## THE DEFENDANT:

☑ pleaded guilty to count(s)  __1 of the Indictment filed on April 8, 2009.__

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 371 (18 USC § 1030(a)(5)(A)(i) & (B)(i), and (a)(6)(A) | Conspiracy to Intentionally Cause Damage to a Protected Computer and to Commit Computer Fraud | October 2006 | 1 |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

October 28, 2010
Date of Imposition of Judgment

_Signature of Judge_

**JANE J. BOYLE
UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

November 2, 2010
Date

DEFENDANT: **DAVID ANTHONY EDWARDS**
CASE NUMBER: **3:09-CR-100-B(02)**

## PROBATION

Pursuant to the Sentencing Reform Act of 1984, but taking the Guidelines as advisory pursuant to United States v. Booker, and considering the factors set forth in 18 U.S.C. Section 3553(a), the defendant is hereby sentenced to probation for a term of:
TWO (02) YEARS.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

[✓] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[✓] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

[ ] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

[ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: **DAVID ANTHONY EDWARDS**
CASE NUMBER: **3:09-CR-100-B(02)**

## SPECIAL CONDITIONS OF SUPERVISION

Pursuant to the Mandatory Victims Restitution Act of 1996, the defendant is ordered to pay restitution in the amount of $3,900, payable to the U.S. District Clerk, 1100 Commerce Street, 14th Floor, Dallas, Texas, 75242. Restitution shall be payable immediately, joint and several with Thomas James Fredrick Smith (01), and shall be disbursed to:

Alex Melen
Amount: $1,800
Reference: David Anthony Edwards

Debra Appleton
Amount: $800
Reference: David Anthony Edwards

Klayton Benbrook
Amount: $1,300
Reference: David Anthony Edwards

If the restitution has not been paid in full within 30 days of the date of this judgment, the defendant shall make payments on such unpaid balance in monthly installments of not less than 10 percent of the defendant's gross monthly income, or at a rate of not less that $50 per month, whichever is greater, until the balance is paid in full. In addition, at least 50 percent of the receipts received from gifts, tax returns, inheritances, bonuses, lawsuit awards, and any other receipt of money shall be paid toward the unpaid balance within 15 days of receipt. This payment plan shall not affect the ability of the United States to immediately collect payment in full through garnishment, the Treasury Offset Program, the Federal Debt Collection Procedures Act of 1990 or any other means available under federal or state law. Further, it is ordered that interest on the unpaid balance is waived pursuant to 18 USC § 3612(f)(3).

The defendant shall notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines, or special assessments.

The defendant shall pay any remaining balance of restitution in the amount of $3,900, as set out in this Judgment.

The defendant shall not incur new credit charges or open additional lines of credit without approval of the probation officer unless the probation officer makes a determination that the defendant has fully satisfied the restitution obligation.

The defendant shall provide to the probation officer any requested financial information.

The defendant shall not use any computer other than the one the defendant is authorized to use, without prior approval from the probation officer.

The defendant shall not use any computer or computer-related equipment owned by his/her employer except for the strict benefit of his employer in the performance of his/her job-related duties.

The defendant shall not access any Internet Service Provider account or other online service using someone else's account, name, designation, or an alias.

The defendant shall not purchase, download, possess, and/or install software applications whose primary purpose is to scan and detect vulnerabilities in computer networks or to cause damage to other computer systems.

The defendant shall not view, possess, and/or compose any material that describes or promotes the unauthorized access to computer systems.

DEFENDANT: **DAVID ANTHONY EDWARDS**
CASE NUMBER: **3:09-CR-100-B(02)**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 100 | $ N/A | $ 3,900 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☑ The defendant must make restitution (including community restitution), payable to the U.S. District Clerk to be disbursed to the following payee(s) in the amount(s) listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Restitution Ordered | Priority or Percentage |
|---|---|---|
| Alex Melen<br>Reference: David Anthony Edwards | $ 1,800 | N/A |
| Debra Appleton<br>Reference: David Anthony Edwards | 800 | N/A |
| Klayton Benbrook<br>Reference: David Anthony Edwards | 1,300 | |

**TOTALS**    $ 3,900

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
  ☑ the interest requirement is waived for the ☑ fine ☑ restitution.
  ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

Judgment — Page 5 of 5

DEFENDANT: **DAVID ANTHONY EDWARDS**
CASE NUMBER: **3:09-CR-100-B(02)**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

☐ not later than _____ , or
☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☑ Payment to begin immediately (may be combined with ☐ C, ☑ D, or ☑ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☑ Payment in equal **monthly** (e.g., weekly, monthly, quarterly) installments of $ **50** over a period of **XXXXXX** (e.g., months or years), to commence **30** (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:
It is ordered that the defendant shall pay to the United States a special assessment of $100, for Count 1, which shall be due immediately. Said special assessment shall be made to the Clerk, U.S. District Court.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the U.S. District Clerk, 1100 Commerce Street, 14th Floor, Dallas, Texas 75242.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.
**Thomas James Fredrick Smith (01) and David Anthony Edward (02; 3:09-CR-100-B; Total amount: $3,900, Joint and Several.**

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States: See Sheet 6B.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.